CAROLINE MONE, Respondent, v. THOMAS S. ANNARELLA, Appellant.— In an action to recover damages for personal injuries, defendant interposed a separate defense of a general release, based on a valid consideration, and claimed that the action had been settled by plaintiff's attorney, with her authorization. Upon a separate trial of this issue it was held by the court, without a jury, that plaintiff did not authorize the settlement; that she did not sign the release or indorse the check, and that her purported signatures thereon were forgeries. Defendant appeals from a resettled order providing that the release, allegedly signed by plaintiff, is of no force and effect, and striking out the separate defense of release. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Schmidt, Beldock and Murphy, JJ., concur.

◼

YOLANDA PESENTI, Respondent, v. TEXAS COMPANY et al., Appellants.— In an action in the City Court of Mount Vernon to recover damages for personal injuries suffered when respondent was struck by a motor vehicle owned by the corporate appellant and operated by the individual appellant, judgment was entered on a verdict of a jury for $3,000 in favor of respondent. Appellants contend that respondent was negligent as a matter of law, that there were errors in rulings on the evidence and in instructions to the jury, and that the verdict is excessive. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.

◼

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY BRESCIA, Appellant.— Appeal from a judgment of a City Magistrate, holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of a violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law (leaving the scene of accident without reporting), sentencing him to pay a fine of $25 or, in the alternative, to serve ten days in the city prison, and revoking his operator's license. The fine was paid. Judgment reversed on the facts, information dismissed, fine remitted, and the revocation of appellant's license vacated. Upon the facts contained in this record, it does not appear that the defendant might reasonably be found to have had any knowledge that he had inflicted any personal injury upon the infant, who ran away from the scene of the accident. Nolan, P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.